UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BENJAMIN JOHNSON,

                   Plaintiff,

    -against-

EQUITY LEASING FINANCE II, INC., *et al.*,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

16cv1454

OPINION AND ORDER

WILLIAM H. PAULEY III, District Judge:

        On September 30, 2016, Plaintiff's counsel submitted a settlement agreement (the "Settlement" (ECF No. 36)) and a proposed stipulation asking this Court to dismiss this action with prejudice. In Fair Labor Standards Act ("FLSA") cases, "parties cannot settle their [] claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)" without the Court's approval. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015). After reviewing the proposed Settlement, Plaintiff's request to approve it is denied.

        "District courts must evaluate whether a proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). A host of relevant factors are considered in determining whether to approve a proposed settlement, including: (1) plaintiff's range of possible recovery; (2) the extent to which a settlement will ease the burden of additional litigation; (3) the seriousness of the risks faced by the parties; (4) whether the settlement is the product of arms-length bargaining; and (5) the possibility of fraud or collusion. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In any case, determination of what is

"fair and reasonable" is an "information intensive undertaking." Lopez, 96 F. Supp. 3d at 176. At a minimum, the Court requires "evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." Lopez, 96 F. Supp. 3d at 176.

Here, the parties have submitted no "evidence providing a factual basis for the award." Wolinsky, 900 F. Supp. 2d at 336. Their submission lacks any explanation as to how they reached a $25,000 settlement, how that amount is fair and reasonable, or to what extent "resolution of the various factual disputes [in this matter] in either side's favor would alter those figures." Lopez, 96 F. Supp. 3d at 177. Moreover, there are no "declarations, affidavits or exhibits substantiating [any] arguments." Lopez, 96 F. Supp. 3d at 177. Accordingly, this Court cannot conclude that the settlement is fair and reasonable.

Further, the "Mutual General Releases" section of the Settlement is "far too sweeping." Camacho v. Ess–a–Bagel, Inc., 14 Civ. 2592 (LAK), 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015); see also Cheeks, 796 F.3d at 206 (recognizing that courts have recently rejected proposed FLSA settlements which contain an overbroad release); Thallapaka v. Sheridan Hotel Associates LLC, No. 15-cv-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015). The parties have every right to enter a settlement that waives claims relating to the underlying action in exchange for a settlement payment. But employers may not use "FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute." Lopez, 96 F. Supp. 3d at 181.

The Settlement also apportions 80% of the total settlement sum to attorneys' fees. When a FLSA settlement includes payment of attorneys' fees, "[t]he Court must . . . separately assess the reasonableness of [those fees], even when the fee is negotiated as part of a settlement rather than judicially determined." Beckert v. Rubinov, No. 15-cv-1951 (PAE), 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (internal citations omitted). Counsel has not submitted "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done," so the Court again lacks any information from which it can conclude that the fees in relation to the settlement are fair and reasonable. Wolinsky, 900 F. Supp. 2d at 336.

A fee award of 80% of the Settlement is beyond the pale. Even in the most "extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." Run Quo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015). This case required minimal effort—the complaint was filed in June 2016, the Defendants never answered, and the parties engaged in minimal discovery, if any. And while there is a "greater range of reasonableness for approving attorney's fees" in an individual FLSA action where the parties settled on the fee through negotiation, the Court is left with scant information to "scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." Wolinksy, 900 F. Supp. 2d at 336 (internal quotation marks and citations omitted).

Accordingly, by October 14, 2016, the parties shall: (1) submit additional information providing a factual basis for why the proposed settlement is fair and reasonable;

(2) submit a fee request setting forth relevant billing information, including names of attorneys who worked on this case, their hourly rates, the hours they expended, and the nature of the work performed; and (3) submit a proposed settlement with a limited release.

Dated: October 4, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.